■ In the Matter of the Estate of IRVING D. JAKOBSON, Deceased. (Proceeding No. 1.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. (Proceeding No. 2.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. (Proceeding No. 3.) FLEET TRUST COMPANY, Respondent; PEDER D. JAKOBSON, Appellant. [683 NYS2d 861] —In proceedings to settle the final accounts of the respondent Fleet Trust Company as trustee of the lifetime trusts of Ruth Jakobson and Irving D. Jakobson, and as the executor of the estate of Ruth Jakobson, the objectant, Peder D. Jakobson, appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated August 7, 1996, as granted the motion of the respondent Fleet Trust Company to reargue a prior order of the same court dated December 13, 1995, which directed the recomputation of the commissions due in the estate of Ruth Jakobson, and, upon reargument, dismissed his objections as to the computation of commissions.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Surrogate's Court did not act improperly in granting reargument and in dismissing the objections to the manner of computation of the commissions in the account (*see,* SCPA 2312 [1]). We note, however, that while we agree with the Supreme Court's determination of the "percentage" amounts of the commissions to be paid, we have found, in a related appeal (*see, Matter of Jakobson,* 256 AD2d 465 [decided herewith]), that there is a question of fact as to whether the respondent Fleet Trust Company mismanaged the trust accounts, and, if so, whether its commissions should be reduced or eliminated accordingly (*see, Matter of Janes,* 223 AD2d 20, 26). Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.