■ In the Matter of the Estate of IRVING D. JAKOBSON, Deceased. (Proceeding No. 1.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. (Proceeding No. 2.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. (Proceeding No. 3.) FLEET TRUST COMPANY, Respondent; PEDER D. JAKOBSON, Appellant. [683 NYS2d 861] —In proceedings to settle the final accounts of the respondent Fleet Trust Company as trustee of the lifetime trusts of Ruth Jakobson and Irving D. Jakobson, and as the executor of the estate of Ruth Jakobson, the objectant, Peder D. Jakobson, appeals from so much of an order of the Surrogate's Court, Nassau County (Radigan, S.), dated August 7, 1996, as granted the motion of the respondent Fleet Trust Company to reargue a prior order of the same court dated December 13, 1995, which directed the recomputation of the commissions due in the estate of Ruth Jakobson, and, upon reargument, dismissed his objections as to the computation of commissions.

■ In the Matter of the Estate of IRVING D. JAKOBSON, Deceased. (Proceeding No. 1.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. (Proceeding No. 2.) In the Matter of the Estate of RUTH JAKOBSON, Deceased. (Proceeding No. 3.) FLEET TRUST COMPANY, Respondent; PEDER D. JAKOBSON, Appellant. [683 NYS2d 860] —In proceedings to settle the final accounts of the respondent Fleet Trust Company as trustee of the lifetime trusts of Ruth Jakobson and Irving D. Jakobson, and as the executor of the estate of Ruth Jakobson, the objectant, Peder D. Jakobson, appeals from an order of the Surrogate's Court, Nassau County (Radigan, S.), entered June 26,

1997, which granted the motion of the respondent Fleet Trust Company for partial summary judgment dismissing his objections.

Ordered that the order is reversed, on the law, with costs payable by the respondent Fleet Trust Company, and the motion is denied.

To obtain summary judgment, the movant must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issue of fact (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). The evidence presented by Fleet Trust Company did not demonstrate the absence of a material issue of fact as to whether it mismanaged the trust accounts. Therefore, it was not entitled to partial summary judgment. Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.